UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


Alfred Miller,                                      Case No. 3:18-cv-2903

       Plaintiff

   v.

                                              MEMORANDUM OF OPINION
                                              AND ORDER

Toledo Police,

       Defendant


## INTRODUCTION

*Pro se* Plaintiff Alfred Miller has filed this civil action against the Toledo Police Department. In the Complaint, Plaintiff alleges that the police raided his home with an invalid search warrant and caused severe damages to his residence and the death of two pets. (Doc. 1.) Plaintiff also has moved to proceed *in forma pauperis* (Doc. 2); that motion is granted. For the following reasons, Plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff's complaint states in its entirety:

In 2016 the end of October my home was raided by the Toledo Police – Swat. My home was damaged severely. Two pets were killed. The police handed me the search warrant with a name I do not recognize. The police made a mistake which does not cover immunity. Good faith does not apply here. The police are responsible for their mistake, not me. They were looking for gang members and guns, drugs and dogs. No

> one was arrested from my home. The police tapped each other on the back and said good job. Kids were at home. They said this is for all the shit I got away with. Its unfair and I want justice.

(Doc. 1 at 1-2.)

## DISCUSSION

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill,* 630 F.3d at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Plaintiff does not specify the legal ground for his complaint. Nevertheless, I will assume that Plaintiff asserts a civil rights claim under 42 U.S.C. § 1983 for the violation of his Fourth Amendment right against an illegal search or seizure. *See, e.g.*, *Lomaz v. Hennosy*, 151 F.3d 493, 500 (6th Cir. 1998) ("Section 1983 is the vehicle available to redress injury suffered by individuals whose constitutional or legal rights have been violated by officials acting under color of law.").

Plaintiff's complaint, however, must be dismissed. First, it is clear on the face of the complaint that the statute of limitations on Plaintiff's claim expired before he filed this action. There is a two-year statute of limitations on claims raised under § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 275–276 (1985) (holding that federal courts must apply the state statute of limitations for personal injury actions to § 1983 claims); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (Ohio's two-year statute of limitations for personal injury claims applies to § 1983 actions). Plaintiff states that the police raid occurred at the end of October 2016. Yet Plaintiff did not file his complaint until December 18, 2018, more than one month after the statute of limitations on his claim had expired. Plaintiff's claim, therefore, is time-barred, and the complaint must be dismissed for that reason. *See Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* §1983 action filed after two-year statute of limitations for bringing such an action had expired).

Second, the complaint also must be dismissed because it fails to allege any plausible constitutional claim upon which Plaintiff may be granted relief under § 1983. To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *E.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff names only the Toledo Police Department as a defendant. Municipalities, and the various departments or agencies under them, are "persons" subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700-01 (1978). But they are not "liable for every misdeed of their employees and agents." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993).

A local government body cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Here, Plaintiff has not identified any policy, connected a policy to a governmental entity, or shown that the injury of which he complains was incurred because of the execution of that policy.  *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993).  He has not stated a plausible claim under § 1983, therefore, and the complaint must be dismissed on that ground as well.

## Conclusion

Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) as time-barred and for failure to state a claim upon which relief may be granted.  This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge